**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| LOADCRAFT INDUSTRIES, LTD. | § § | Case No. 21-11018-tmd-11 |
| Debtor | § § § | |
| BRADY PLANT OPERATORS, LLC, TERRY MCIVER, and GLIDER PRODUCTS, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| CHARLES HINKLE, ALPHONSO ENERGY, LLC and GLORIOUS SPLENDOR, TOO, | § § § § § | Adversary Case No._____ |
| Defendants. | § § | |

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT and EMERGENCY MOTION FOR TEMPORARY and PERMANENT INJUNCTIVE RELIEF AND BRIEF IN SUPPORT THEREOF**

**NOTICE**: This pleading requests relief that may be adverse to your interests. If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held. A timely filed response is necessary for a hearing to be held.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, BRADY PLANT OPERATORS LLC, by and through its sole member, TERRY MCIVER, the General Partner for DEBTOR LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, Individually, and GLIDER PRODUCTS LLC, hereinafter PLAINTIFFS and

MOVANTS, complaining of CHARLES HINKLE, Individually, and in his claimed capacity as MANAGER OF BRADY PLANT OPERATORS, LLC, ALPHONSO ENERGY LLC, GLORIOUS SPLENDOR TOO, LLC, now claiming to be the General Partner of DEBTOR and NESTOR OUTCOMES LLC, hereinafter DEFENDANTS and RESPONDENTS seeking declaratory relief and pursuant to BRCP 7065 and FRCP 65, includes and files this Emergency Motion for Temporary Restraining Order and Injunctive Relief against these same DEFENDANTS AND RESPONDENTS and in support would show as follows:

## I.
### PARTIES

1. Plaintiff/Movant BRADY PLANT OPERATORS, LLC is a Texas limited liability company.

2. Plaintiff /Movant GLIDER PRODUCTS LLC is a Texas limited liability company in good standing.

3. Plaintiff/Movant TERRY MCIVER is an individual residing in Coleman, Texas.

4. Defendant/Respondent CHARLES HINKLE, is an individual residing in South Carolina that due to the time sensitive injunctive request, service is being made via e-mail to his attorney in the underlying state court litigation, who has filed a notice of appearance in the bankruptcy proceeding.

5. Defendant/Respondent ALPHONSO ENERGY, LLC, is a Texas Limited liability company, that due to the time sensitive injunctive request, service is being made via e-mail to its attorney in the underlying state court litigation, who has filed a notice of appearance in the bankruptcy proceeding.

6. Defendant/Respondent GLORIOUS SPLENDOR TOO LLC, is a Texas Limited liability company, that due to the time sensitive injunctive request, service is being made via e-mail to its attorney in the underlying state court litigation, who has filed a notice of appearance in the bankruptcy proceeding.

7. Defendant/Respondent NESTOR OUTCOMES LLC, is a Texas Limited liability company, that due to the time sensitive injunctive request, service is being made via e-mail to its attorney in the underlying state court litigation, who has filed a notice of appearance in the bankruptcy proceeding.

## II.

### JURISDICTION AND VENUE

1. LOADCRAFT INDUSTRIES, LTD, is a chapter 11 debtor before the United States Bankruptcy Court for the Western District of Texas, Austin Division.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 §§ 157(a), and 1334(a). Jurisdiction to grant declaratory relief exists pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. § 105, and Fed. R. Bankr. P. 7001(2) and 7001(9).

3. This Court has personal jurisdiction over all defendants. The exercise of personal jurisdiction over all defendants is consistent with the Constitution and laws of the United States. Furthermore, there is personal jurisdiction over all defendants pursuant to Fed. R. Bankr. P. 7004(f).

4. This proceeding is a core proceeding within the meaning of 28 U.S.C. §§157(b)(2)(A) (concerning the administration of the estate), 157(b)(2)(M) (concerning the use of property, including cash collateral), and 157(b)(2)(O) (including other proceedings affecting liquidation of estate assets or adjustment of the debtor-creditor relationship).

5. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §1409(a).

## III.

### CONDITIONS PRECEDENT

6. All conditions precedent necessary to maintain this action have occurred or have been performed.

## IV.

### NATURE OF ACTION

7. This is an action for declaratory judgment made pursuant to Fed. R. Bankr. 7001(2) and 7001(9), and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Plaintiffs seek a declaratory judgment determining the General Partner status and authority for the DEBTOR LOADCRAFT INDUSTRIES LTD and the continued management and operations of the DEBTOR.

## V.

### BACKGROUND

8. Debtor Loadcraft Industries Ltd is a Texas Limited Partnership with Brady Plant Operators LLC as its General Partner.

9. Brady Plant Operators LLC is a Texas sole member Limited Liability Corporation with Terry McIver as its sole member.

10. In 2017, Alphonso Energy LLC invested in Loadcraft Industries ltd in return for a 50% limited partnership interest.

11.     In 2016, Nestor Outcomes LLC invested in Loadcraft Industries Ltd and then pursuant to the 2017 Alphonso Energy Ownership Agreement to a 15% limited partnership interest.

12.     In 2017, the Alphonso Energy Ownership Agreement ("Alphonso Agreement") was entered into to reflect these new limited partners and their respective interests and a true and correct copy of that purchase agreement is attached hereto as Exhibit "A". In the attached, it specifically provides for Terry McIver, as sole member of BPO, the general partner, to effectuate the removal of two current managers and replace with Charles Hinkle and an entity related to Alphonso Energy (a limited partner) named Glorious Splendor Too, LLC. The only proviso was that as long as Alphonso Energy remained a limited partner, then Glorious Splendor could not be removed as a manager. There was no such proviso as to the removal of Charles Hinkle.

13.     The Alphonso Agreement also made several changes to the Agreement of Limited Partnership of Loadcraft Industries Ltd., a true and correct copy of which is attached hereto as Exhibit "B." Specifically, it changed the limited partners, the interest owned by the limited partners and changed how the General Partner could be removed from a majority of interest vote to a majority of the limited partners vote. See Section 5 of Exhibit "A" and Sections 6.11 and 12.2 of Exhibit "B." It is of note that all limited partners and the general partner signed the Alphonso Agreement.

14.     Charles Hinkle was the CEO and CFO of Loadcraft from May of 2016 until November of 2019 and then continued as CFO until he abruptly left in early November of 2020 without notice. In November of 2019, based on an agreement between managers McIver and Glorious Splendor, Hinkle was removed as CEO and Terry McIver was instated as CEO of

Loadcraft Industries Ltd. Further, Charles Hinkle was removed as a manager for the general partner effective November 11, 2020. A true and correct copy of the Unanimous Consent to remove Hinkle is attached hereto as Exhibit "C."

15. In December of 2020, the relationship between Alphonso Energy member Brian Alphonso and Terry McIver began to deteriorate. Charles Hinkle also made demand on Loadcraft for monies he believed were still owed to him.

16. In the Spring of 2021, negotiations between Alphonso Energy and Loadcraft through Terry McIver were undertaken to resolve their differences. There was no resolution reached.

17. On or about June 16, 2021, suit was filed in state court against MOVANTS MCIVER and GLIDER and DEBTOR LOADCRAFT as referenced above. A counterclaim against CHARLES HINKLE was filed by DEBTOR LOADCRAFT and a third-party claim against BRIAN ALPHONSO was filed by MOVANT MCIVER. A true and correct copies of the pleadings in this suit are attached hereto as Exhibit "D." This suit is ongoing and in the discovery phase.

18. On December 30, 2021, CHARLES HINKLE, as a manager of BRADY PLANT OPERATORS LLC, the general partner of DEBTOR LOADCRAFT, authorized and signed the filing of this bankruptcy, despite having been removed as a manager and despite having quit working for DEBTOR LOADCRAFT in November of 2020. Further, shortly before filing the bankruptcy, CHARLES HINKLE and GLORIOUS SPLENDOR TOO evidently executed a corporate resolution to effectuate the bankruptcy and to "fire" MOVANT MCIVER and ban him from the premise. Attached hereto as Exhibit "E" is a true and correct copy of the corporate

resolution provided to MOVANT MCIVER. Of course, it is MOVANTS contention this was unauthorized and illegal.

19. On December 31, 2021, two of the limited partners, RESPONDENTS ALPHONSO ENERGY LLC and NESTOR OUTCOMES LLC, also executed a corporate resolution to remove MOVANT BRADY PLANT OPERATOR LLC as the General Partner of DEBTOR LOADCRAFT and substitute GLORIOUS SPLENDOR TOO LLC as the General Partner and again, "fire" MOVANT MCIVER and deny his access. Attached hereto as Exhibit "F" are true and correct copies of these corporate resolutions as provided by opposing counsel to MOVANT MCIVER. As with HINKLE'S actions, this attempt fails as it violates the Alphonso Agreement (Ex A) as only 2 of the 3 necessary limited partners agreed to the resolution.

20. BRADY PLANT OPERATORS LLC asserts it is still the General Partner of DEBTOR LOADCRAFT and under the terms of the operating agreement (Ex. B) and Alphonso Agreement (Ex. A), should be the Debtor-in-Possession and operating and managing the DEBTOR.

## VI.
### CAUSES OF ACTION: FIRST CAUSE OF ACTION: DECLARATION OF GENERAL PARTNER STATUS FOR DEBTOR AND AUTHORITY FOR MANAGEMENT AND OPERATIONS OF DEBTOR

1. Plaintiffs incorporate all prior paragraphs into this section to the extent not inconsistent as if fully set forth herein.

2. This claim for relief arises under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and rules 7001(2) and 7001(9) of the Federal Rules of Bankruptcy Procedure.

3. In a case of actual controversy within its jurisdiction, except with respect to inapplicable exceptions, any court of the United States, upon the filing of an appropriate pleading, may

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201(a). Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201(a).

4. An actual case or controversy exists because DEFENDANTS, on two (2) occasions have wrongfully and without authorization executed Corporate Resolutions (Exs E and F) claiming to first (Ex E), be managers and have management authority of BRADY PLANT OPERATORS LLC, the General Partner of DEBTOR LOADCRAFT INDUSTRIES LTD, authorizing the filing of this bankruptcy and the removal of TERRY MCIVER as CEO of DEBTOR, and blocking all access to the physical location, the computers, and personal and confidential information. Then, the day after filing this Bankruptcy (12/31/21), a new and also unauthorized set of corporate resolutions (Ex F) were executed attempting to insert a new General Partner, DEFENDANT GLORIOUS SPLENDOR TOO LLC, for DEBTOR LOADCRAFT. Again, all of these corporate resolutions and attempted acts were not done incompliance with the governing operating agreements as set out in attached Exhibits A and B.

## VII.
### CAUSES OF ACTION: SECOND CAUSE OF ACTION: MOTION FOR EMERGENT INJUNCTIVE RELIEF AND BRIEF IN SUPPORT

1. Plaintiffs incorporate all prior paragraphs into this section to the extent not inconsistent as if fully set forth herein.

2. Movants move for injunctive relief under BRCP 7065 and FRCP 65 against DEBTOR related CHARLES HINKLE, Individually, and in his claimed capacity as MANAGER OF BRADY PLANT OPERATORS, LLC, ALPHONSO ENERGY LLC, GLORIOUS SPLENDOR

TOO, LLC and NESTOR OUTCOMES LLC as immediate and irreparable harm will occur if an immediate temporary restraining order is not entered and a subsequent temporary injunction not issued. Respondents have filed this bankruptcy without authorization, taken effective control of the DEBTOR without authorization, have wrongfully limited physical and computer access to TERRY MCIVER, sole member manager of BRADY PLANT OPERATORS LLC, the General Partner to DEBTOR LOADCRAFT INDUSTRIES LTD, and are clearly attempting to or have taken possession of numerous confidential and privileged communications and documents generated in the related state court litigation styled ALPHONSO ENERGY LLC, CHARLES HINKLE and NESTOR OUTCOMES LLC, Plaintiffs, v. LOADCRAFT INDUSTRIES LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC, Defendants and Third-Party Plaintiff, CAUSE NO. D-1-GN-21-002825, 98th Judicial District Court, Travis County, Texas. To allow these parties, adverse to MOVANTS in the state court litigation, access to privileged and confidential communications, would cause immediate and irreparable harm to movants in the contested state court action. Immediate and irreparable harm will come to the DEBTOR as Respondents are not familiar with the day-to-day operations, not familiar with current or anticipated contracts and obligations and generally do not know the direction and management of the company which will lead to immediate and irreparable harm. Further, MOVANT TERRY MCIVER has personal effects and personal confidential information he is being blocked from retrieving and accessing. Further, some of the corporate information and documentation for MOVANT GLIDER PRODUCTS LLC is on the premise of LOADCRAFT and effectively blocked by Respondents.

2. The status quo is for the continuation of MOVANT BRADY PLANT OPERATORS LLC, through its duly appointed managers, to continue as General Partner for LOADCRAFT INDUSTRIES LTD pending the final determination of the state court action.

3. Movants are willing to post security as deemed proper by the Court.

4. Each specific element of the defenses and claims upon which this motion is brought are set forth in the brief in support. This motion is based on the pleadings and papers on file in this case and the attached memorandum of points and authorities.

5. Due to the wrongful attempts to exert control over DEBTOR LOADCRAFT and MOVANT MCIVER and their wrongful attempts to access privileged and confidential information as set out in the various resolutions, MOVANTS seek INJUNCTIVE RELIEF and PROTECTION from this Court.

6. BRADY PLANT OPERATORS LLC, by and through its sole member, TERRY MCIVER, the general partner for DEBTOR LOADCRAFT INDUSTRIES, LTD., file this its brief in support of its motion for temporary restraining and injunctive relief and ask the presiding judge to grant their motion for temporary restraining order pursuant to BRCP 7065.5.

7. Pursuant to BRCP 7065.5 and FRCP 65, Movant believes an ex parte temporary restraining order is proper, but is moving for an emergent and expedited hearing on the requested injunction ordering that CHARLES HINKLE, BRIAN ALPHONSO, their respective companies, employees, agents and lawyers do not and shall not have access, look at or otherwise gain knowledge of the content of any privileged communications by and between or at the direction of the lawyers for Defendants in the state court litigation and TERRY MCIVER, LOU COLLAZO and/or KENDRA OLDHAM, any documents and drafts of documents of work product generated by the lawyers for Defendants in the state court litigation or documents and

drafts of documents generated at the request of the lawyers for Defendants; including, but not limited to any such communications or documents stored on computers or in print. Further, CHARLES HINKLE, BRIAN ALPHONSO, their respective companies, employees, agents and lawyers do not and shall not have access, look at or otherwise gain knowledge of the content of any personal or otherwise confidential e-mail, document or physical tangible thing of TERRY MCIVER. Still further, CHARLES HINKLE, BRIAN ALPHONSO, their respective companies, employees, agents and lawyers do not block access by TERRY MCIVER and/or LOU COLLAZO to their computers, e-mails and personal property and effects. Finally, CHARLES HINKLE, BRIAN ALPHONSO, their respective companies, employees, agents and lawyers be ordered to vacate the Loadcraft Premise, be precluded from any management or employment operations and the status quo be restored to where BRADY PLANT OPERATORS LLC acts as General Partner for DEBTOR LOADCRAFT until further order of this Court.

8. The Fifth Circuit follows the traditional four-part test, in which the movant must show: (1) A substantial likelihood of success on the merits; (2) A substantial threat of irreparable harm if the injunction is not granted; (3) That the threatened injury outweighs any harm that the injunction might cause to the non-movant; and (4) That the injunction will not disserve the public interest. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 288 (5th Cir. 2012); *Tex. Midstream Gas Serv., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010).

9. A review of the attached Alphonso Agreement, Limited Partnership Agreement for Loadcraft and the Unanimous Consent removing Charles Hinkle as a manager of Brady Plant Operators LLC (Exs. A, B and C, respectively), shows that Respondents did not have the authority to do anything they are attempting as evidenced by their various corporate resolutions

(Exs E and F), including the filing of this bankruptcy and certainly did not have the authority to try and take over Debtor Loadcraft Industries, firing Terry McIver and barring him from the facilities, and claiming ownership and access to hundreds of privileged and confidential documents from the state court litigation. As such, number one is met as a substantial likelihood exists for success by MOVANTS on the merits.

10. As evidenced by the affidavit of Terry McIver attached hereto and the facts as set out above, the harm is immediate and irreparable to both himself individually, but also to the DEBTOR, to the general partner of the DEBTOR, the remaining defendant in the state court action, MOVANT GLIDER.

11. The granting of the temporary restraining order and the temporary injunction will not cause any harm to the Respondents as these claimed issues have been prevalent in the state court litigation.

12. There is no disservice to the public interest.

13. An Emergent Temporary Restraining Order is proper and a separate motion or Expedited Hearing is being filed in conjunction.

14. Finally, pursuant to BRP 7065.5, the undersigned counsel tried to work out an agreed protective order with opposing counsel concerning the privileged and protected communications in the possession of DEBTOR LOADCRAFT, but no agreement could be reached by the time of filing and therefore, due to the high likelihood of substantial, immediate and irreparable harm to the Movants, an Ex Parte Temporary Restraining Order would likely be proper. However, alternatively, an expedited hearing on the injunctive relief sought is what is being requested and should be held as soona s the Court's schooled permits. As the Court will see from the attached corporate resolutions the intent to access the privileged and confidential communications and

work product, along with neither the opposing counsel in the bankruptcy nor the opposing counsel in the state court litigation agreeing to not access such privileged communications and work product, it appears that they have likely already accessed these items or will do so while waiting on a hearing. Again, while the granting of an Ex Parte Temporary Restraining Order is proper, Movants are filing a motion for expedited hearing on their application for injunctive relief in lieu of the request for an Ex Parte order.

15. Again, the Movants are willing to post the required security with the court.

## VIII.
### CAUSES OF ACTION: THIRD CAUSE OF ACTION: RECOVERY OF ATTORNEYS' FEES AND COSTS

1. Plaintiffs incorporate all prior paragraphs into this section to the extent not inconsistent as if fully set forth herein.

2. Pursuant to Section 506(b) of the Bankruptcy Code and 28 U.S.C. § 2202, Plaintiffs seek recovery of all reasonable and necessary attorneys' fees, interest, and costs incurred in enforcing their rights related to this proceeding.

## IX.
### RESERVATION OF RIGHTS

This complaint is made in good faith and is based on information reasonably known or available to Plaintiffs as of the time of filing. Plaintiffs reserve the right to amend this complaint based on new or unknown information subsequently located, received, or revealed or as otherwise allowed by law of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Court (1) grant the immediate injunctive relief as requested: (2) enter a declaratory

judgment substantially in the form as detailed above; (3) award Plaintiffs their reasonable attorneys' fees, interest, and costs incurred; and (4) such other relief as is just and proper.

Respectfully submitted,

**MCMAHON SUROVIK SUTTLE, P.C.**
P.O. Box 3679
Abilene, Texas 79604
(325) 676-9183 Telephone
(325) 676-8836 Facsimile

BY: /s/ Robert B. Wagstaff
    **ROBERT B. WAGSTAFF**
    State Bar No. 20665000

rwagstaff@mcmahonlawtx.com

ATTORNEYS FOR PLAINTIFFS/MOVANTS

## CERTIFICATE OF CONFERENCE

This is to certify that a conference via e-mail exchange and drafts of a proposed Agreed Protective Order on the injunctive relief sought concerning the privileges and access was held with opposing counsel from December 31 through January 5, 2022, and agreement on said relief could not be reached, at last as of this filing. As such, the request for injunctive relief is submitted to the court for determination.

/s/ Robert B. Wagstaff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on counsel for the Debtor, Eric J. Taube, Waller Lansden Dortch & Davis, 100 Congress Ave, Suite 1800, Austin, TX, 78701, via electronic mail eric.taube@wallerlaw.com, via electronic mail, and counsel for the Defendants, Katherine Walters, Richie & Gueringer PC, 100 Congress Ave, Suite 1750, Austin, TX, 78701, via electronic mail kwalters@rg-austin.com, and the DEBTOR and any parties requesting notice herein, via the Court's ECF noticing system, on this the 5th day of January, 2022.

/s/ Robert B. Wagstaff