7/21/2021 10:23 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-002825
Chloe Jimenez

CAUSE NO. D-1-GN-21-002825

| | | |
|---|---|---|
| ALPHONSO ENERGY, LLC, CHARLES HINKLE, and NESTOR OUTCOMES, LLC, §§§§ | § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* § | | |
| § | | |
| v. § | § | 98th JUDICIAL DISTRICT |
| § | | |
| LOADCRAFT INDUSRIES, LTD., TERRY MCIVER, and GLIDER PRODUCTS, LLC §§§§ | | |
| § | | |
| *Defendants/Third-Party Plaintiffs.* § | § | TRAVIS COUNTY, TEXAS |

### DEFENDANTS' MOTION TO TRANSFER VENUE, ORIGINAL ANSWER AND COUNTER-CLAIM SUBJECT THERETO, AND THIRD-PARTY PETITION SUBJECT THERETO

TO THE HONORABLE COURT:

NOW COMES, LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC, Defendants in the above numbered and entitled cause and file this their Motion to Transfer Venue and Original Answer, Counter-Claim and Third Party Petition subject thereto in accordance with Rules 85, 86, 87 and 89, Texas Rules of Civil Procedure, and respectfully moves the Court to transfer venue of this case from Travis County, Texas to McCullough County, Texas, and in support thereof respectfully shows the following:

### MOTION TO TRANSFER VENUE

1.

The county in which this action is filed is not a county of proper venue. In this connection, Defendants LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC would respectfully show the Court that:

---

**Defendants' Motion to Transfer Venue, Original Answer and Counter-Claim**      Page 1
**Subject Thereto, and Third-Party Petition Subject Thereto**

**EXHIBIT "D"**

(a)     Plaintiffs' claims of contractual venue fail under Tex. Civ. P. & Rem. Code Section 15.020 as these contracts do not fall under the major transaction rule and generally contractual venue is invalid. Further, Plaintiffs' reliance on Section 15.035 is misplaced as that requires the contract to be performable in the county of venue. Finally, the contracts were unconscionable at the time executed and were based on collusion amongst the Plaintiffs, as two of the contracts were in breach the moment they were signed.

(b)     All or a substantial part of the events or omissions giving rise to the alleged claims occurred in McCullough County, Texas.

(c)     Plaintiff ALPHONSO ENERGY, LLC's principal place of business is in Travis County, Austin, Texas.

(d)     Plaintiff NESTOR OUTCOMES, LLC's principal place of business is in Bell County, Temple, Texas.

(e)     Defendant LOADCRAFT INDUSTRIES, LTD.'s principal place of business is in Brady, McCullough County, Texas.

(f)     Defendant TERRY MCIVER resided in San Saba County, San Saba, Texas, at the time of the alleged causes of actions accrued.

(g)     Defendant GLIDER PRODUCTS, LLC's principal place of business is in McCullough County, Brady, Texas.

2.

**No Contractual Venue**

"In general, the fixing of venue by contract is invalid. *In re Great Lakes Dredge & Dock Co.,* 251 S.W.3d 68, 76 (Tex. App.-Corpus Christi 2008, orig. proceeding) (citing *Fid. Union Life Ins. Co. v. Evans,* 477 S.W.2d 535, 537 (Tex.1972)). An exception to that general rule appears in section 15.020 of the civil practice and remedies code, which states that contractual venue selection clauses may be enforceable in cases involving "major transactions." TEX. CIV. PRAC. & REM.CODE ANN. § 15.020. A "major transaction" is "a transaction evidenced by a written agreement under which a person pays or receives, or is obligated to pay or entitled to

---

receive, consideration with an aggregate stated value equal to or greater than $1 million." *Id.* § 15.020(a)." *Shamoun & Norman, LLP v. Yarto Intern. Group, LP*, 398 S.W.3d 272, 293 (Tex. App.—Corpus Christi 2012, pet. dism'd). Each of the bailment contracts (Exhibits 1-4 *Plaintiff's original Petition*) relied upon by the Plaintiffs do not meet the definition of a "major transaction." Thus, there is no contractual venue.

Even if the bailment contracts are to be taken as one contract to qualify as a major transaction, as exception to Section 15.020 is applicable here as the bailment contracts were unconscionable at the time they were executed. *Id*. 15.020(d)(1). The first two bailment contracts (Exhibits 1 and 2) were in breach the very moment they were executed as the equipment had already been produced sold and shipped to the third-party purchaser. A contract that is in breach when executed is by definition, unconscionable. The two bailment contracts represented by Exhibits 3 and 4 are not in breach as the equipment has yet to be either manufactured, sold or both, but are still unconscionable as they were also executed by two of the Plaintiffs in a collusive effort to unreasonably and unnecessarily attempt to bind Defendant Loadcraft to a bailment contract that was inappropriate under the circumstances.

Finally, under Tex. Civ. P. & Rem. Code Section 15.035, it states that contractual venue is based on performance of the contract in a particular county and suit may be filed in that particular county or in the county of the Defendant's domicile. Here, both of these options indicate McCullough County is the county of proper venue since a review of the contracts themselves involve the production and sale of equipment in McCullough County where Loadcraft is based.

Accordingly, there is no contractual basis for holding venue in Travis County.

3.

### General Venue

The Plaintiffs claim that the acts or omissions complained of occurred in Travis County is simply false. All or a substantial part of the claimed wrongful actions occurred in McCullough County. See Affidavit of Terry McIver attached hereto. This action should be transferred to McCullough County, Texas. McCullough County is the proper venue under the general venue rule, again, because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred and where Defendants LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, and GLIDER PRODUCTS, LLC were involved with the Plaintiffs. McCullough County is proper because it is the principal place of business for these Defendants. See Tex. Civ. P. & Rem. Code (V.A.T.S. 2018), Section 15.002(a)(1) and (3). Further, the obligations of Defendant Loadcraft under the bailment contracts were based on performance in McCullough County, not Travis County.

Plaintiff Alphonso Energy, LLC apparently has an office address in Austin, Texas, but it is unknown if this is the principal place of business in Texas.

Plaintiff Charles Hinkle currently lives in South Carolina and Nestor Outcomes, LLC is a Texas corporation.

Defendant Loadcraft hired Plaintiff HINKLE as a consultant, which became an employment situation and was working for Defendant Loadcraft as CEO and CFO and then just CFO at all times material to the complaints in Brady, McCullough County, Texas. See affidavit of Terry McIver attached hereto.

4.

**Transfer for Justice and Convenience**

Alternatively, Defendant LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC asks the Court to transfer the case to McCullough County in the interest of justice and for the convenience of the parties and witnesses under the authority of Texas Civil Practice & Remedies Code section 15.002(b).

**Interest of Justice**

Given that unconscionable bailment contracts, in breach when executed, provide for the contractual venue in Travis County, the interest of justice provides for the permissive venue for McCullough County.

**Convenience**

Maintaining this suit in TRAVIS County will impose an economic and personal hardship on Defendant LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC. Tex. Civ. P. & Rem. Code Section 15.002(b)(1).

The balance of interest of all parties weighs in favor of the action being brought in McCullough County. Tex. Civ. P. & Rem. Code Section 15.002(b)(2). Specifically, witnesses to the alleged conduct, the location of the actions giving rise herein; and given that the Plaintiff HINKLE himself resided in McCullough County at all material times makes McCullough County the forum conveniens of choice.

The transfer to McCullough County will not cause a hardship or an injustice for any other party. Tex. Civ. P. & Rem. Code Section 15.002(b).

**ORIGINAL ANSWER SUBJECT TO THE MOTION TO TRANSFER VENUE**

<u>GENERAL DENIAL</u>

5.

Defendants LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC denies each and every, all and singular, the allegations made and contained in the Plaintiff's Original Petition and any petition which the Plaintiffs may hereinafter file by way of amendment or supplement, for the purpose of requiring the Defendants or Plaintiffs to prove said allegations by a preponderance of the evidence to a fair and impartial jury in accordance with the laws of this State.

<u>AFFIRMATIVE DEFENSES</u>

6.

Pleading further, if same be necessary, the Defendants LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC would show that the Plaintiffs claims, are barred in whole or in part, due to Plaintiffs' unclean hands and collusion by and between Charles Hinkle and Brian Alphonso to perpetuate a scheme to defraud Defendant Loadcraft and Glider.

7.

Pleading further, if same be necessary, the Defendants LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC would show by way of affirmative defense that the Plaintiffs' claims are barred as the very actions they are complaining of were committed by or done at the direction of Plaintiff Charles Hinkle in agreement with Brian Alphonso and Alphonso Energy.

## ORIGINAL COUNTERCLAIM AGAINST CHARLES HINKLE

8.

**Conversion/Misappropriation of Corporate Funds**

Plaintiff Charles Hinkle was the CEO and CFO of Loadcraft from May of 2016 until November of 2019. He then continued as CFO until he abruptly left in November of 2020 without notice. Before Mr. Hinkle resigned in November of 2020, he used Loadcraft money to pay numerous wire transfers to a lady friend in Mexico in the total sum of $33,745.00. In 2017 and 2018, Hinkle paid himself several draws generally coinciding with capital contributions from Alphonso Energy and/or receipts from equipment sales, totaling at least $85,000.00. Further, there is an additional $343,000.00 in unexplained draws to Mr. Hinkle which are also believed to be above any consulting fee, salary, wages, or expenses. See affidavit of Terry McIver attached hereto.

The above represent unauthorized draws and wire transfers directed by Mr. Hinkle that were not done in the furtherance of Loadcraft's interest, but purely for the personal gain of Mr. Hinkle. As such, Defendant/Third-Party Plaintiff Loadcraft sues by counter-claim against Charles Hinkle for the return of these misappropriated funds and interest thereon as allowed by law.

## DEFENDANTS/THIRD-PARTY PLAINTIFF TERRY MCIVER'S ORIGINAL PETITION AGAINST BRIAN ALPHONSO

9.

Statement of Discovery Level

Pursuant to T.R.C.P. 47, Third-Party Plaintiffs states that the damages sought by Plaintiffs hereby are within the jurisdictional limits of this Court and discovery in this case is proper under

Level Three of T.R.C.P. 190.

Parties and Service

Defendant and Third-Party Plaintiff, Terry McIver, is an individual residing in San Saba, Texas.

Third-Party Defendant, Brian Alphonso, is an individual who may be served with process by serving him at 7920 FM 2244 Rd., Austin, Texas 78746, or wherever he may be found, for which citation should issue.

Jurisdiction and Venue

Venue is proper in McCullough County, Texas, because generally, the venue of cross actions, counter-claims and third-party claims are determined by the venue of the underlying suit, which as noted above, should be in McCullough County. Here, the complained of actions arose out of and were directly related to the subject matter at issue in McCullough County, and the amount in controversy is within the jurisdictional limits of this Court.

Causes of Action Against Third-Party Defendant Brian Alphonso

**Civil Assault**

Third-Party Defendant Brian Alphonso, in front of several witnesses, did threaten imminent bodily harm and death to Defendant/Third-Party Plaintiff. This civil assault arose out of an invited meeting of the parties to discuss resolution of their differences. Instead, it was a hostile and threatening demand for various items which escalated to the threat by Brian Alphonso to kill Terry McIver. See affidavit of Terry McIver attached hereto.

Third-Party Defendant Alphonso's constitute civil assault. Defendant/Third-Party Plaintiff McIver believed the harm was imminent and the threats were real as they were repeated and made with clear animosity and vehemence.

McIver was apprehensive and fearful. As such, McIver now sues for damages arising out of and caused by Alphonso's civil assault.

**Intentional Infliction of Emotional Distress**

Alternatively, in the event the above threats by Third Party Defendant Brian Alphonso are not adjudicated as civil assault, then it is clear that Alphonso's actions rise to the level of actionable intentional infliction of emotional distress.

Clearly, the conduct of Alphonso was intentional or at the least reckless, causing severe emotional distress for McIver. These threats were real and caused McIver to be guarded and watchful for Alphonso. McIver was fearful and worried over these threats and the stress and anxiety persisted long after the threats themselves.

Alphonso's conduct was clearly extreme and outrageous. The conduct was threatening, harassing and clearly designed to scare, humiliate, intimidate and coerce McIver into unwanted and unnecessary actions.

Causation; damages.

The conduct by the Third-Party Defendant as described in the preceding paragraphs for civil assault, or in the alternative, intentional infliction of emotional distress, was a producing and proximate cause of McIver's apprehension, fear, anxiety, stress and mental anguish in general. As such, McIver seeks compensatory damages and redress from Alphonso, along with pre and post judgment interest and court costs.

Further, Third-Party Defendant's actions give rise to exemplary damages for which McIver now sues.

## PRAYER

10.

WHEREFORE, PREMISES CONSIDERED, Defendants and Third-Party Plaintiffs LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC, respectfully request that upon hearing, the motion to transfer venue to McCullough County, Texas be granted, and that the Court enter its order transferring this cause to a proper district court of McCullough County, Texas, pursuant to Rule 89, Texas Rules of Civil Procedure; and that upon final hearing or trial of this cause, the Plaintiffs take nothing by way of their suit, that Third-Party Defendant be cited according to law to appear and answer herein, that damages and costs be awarded to the Defendants LOADCRAFT INDUSTRIES, LTD., TERRY MCIVER, AND GLIDER PRODUCTS, LLC, on their counter-claim and third-party claim and for such other and further relief to which Defendants and Third-Party Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**MCMAHON SUROVIK SUTTLE, P.C.**
P.O. Box 3679
Abilene, Texas 79604
(325) 676-9183 Telephone
(325) 676-8836 FAX

BY: /s/ Robert B. Wagstaff
    **ROBERT B. WAGSTAFF**
    State Bar No. 20665000
    rwagstaff@mcmahonlawtx.com

ATTORNEYS FOR DEFENDANTS/
THIRD-PARTY PLAINTIFFS,
LOADCRAFT INDUSTRIES, LTD.,
TERRY MCIVER, AND
GLIDER PRODUCTS, LLC

## CERTIFICATE OF SERVICE

    This is to certify that a true copy of the above and foregoing instrument was forwarded to all attorneys of record on this 21st day of July, 2021, in accordance with the Texas Rules of Civil Procedure.

    /s/ Robert B. Wagstaff
    ROBERT B. WAGSTAFF

CAUSE NO. D-1-GN-21-002825

| | | |
|---|---|---|
| ALPHONSO ENERGY, LLC, CHARLES HINKLE, and NESTOR OUTCOMES, LLC, *Plaintiffs*, | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | 98th JUDICIAL DISTRICT |
| LOADCRAFT INDUSRIES, LTD., TERRY MCIVER, and GLIDER PRODUCTS, LLC | § § § § § | |
| *Defendants/Third-Party Plaintiffs.* | § | TRAVIS COUNTY, TEXAS |

### AFFIDAVIT OF TERRY MCIVER

BEFORE ME, the undersigned authority, personally appeared TERRY MCIVER, who being duly sworn, deposed as follows:

"My name is TERRY MCIVER. I am over 18 years of age, of sound mind and capable of making this Affidavit. I am one of the named defendants above, as well as the managing member of Brady Plant Operators LLC, the general partner of Defendant Loadcraft Industries, Ltd., and the managing member of Defendant Glider Products, LLC. I have also been the CEO of Defendant Loadcraft since November of 2019. Accordingly, the factual averments stated in this Affidavit are within my personal knowledge and are true and correct.

"I have read the Plaintiffs' Original Petition and request for injunctive relief. All of the alleged acts of wrongdoing, which are categorically denied, all took place in Brady, McCullough County, Texas. Further, I have reviewed the venue facts as set out in the Motion to Transfer Venue and Original Answer subject thereto and these are true and correct as well.

Plaintiff Charles Hinkle was the CEO and CFO of Loadcraft from May of 2016 until November of 2019 and then continued as CFO until he abruptly left in November of 2020 without notice. During his time with Loadcraft as CEO, he was making the day-to-day decisions, including dealing directly with Brian Alphonso and Plaintiff Alphonso Energy LLC. The contracts attached as Exhibits 1-4 to Plaintiffs' original petition in which they rely to support their contractual venue

claim were negotiated directly by and between Charles Hinkle and Brian Alphonso. While I was aware that Mr. Alphonso, by and through Alphonso Energy, was making occasional capital contributions, I was unaware of these agreements or the nature thereof. I do not understand the bailment issue or why it was done this way. In fact, upon review of these bailment contracts, the first two represented by Exhibits 1 and 2 to the Plaintiff's Original petition, were in breach by Loadcraft the minute these were executed since the subject equipment had already been sold and delivered and payment received. Both Mr. Hinkle and Mr. Alphonso were aware of the equipment already being sold, money received and shipped, but intentionally signed these contracts putting Loadcraft immediately in technical breach. The equipment subject to the Exhibits 3 and 4 bailment contracts have yet to be completed, sold and delivered, so these contracts, to the extent they are even valid, are not in breach.

The idea to execute these bailment contracts was evidently Charles Hinkle's in consult with Brian Alphonso. I was not consulted nor was I aware of what type of loan/contractual agreement had been worked out with Alphonso Energy until after I became CEO in late 2019. At that point we were working on the manufacturing and sale of the equipment subject to Exhibits 3 and 4, which continues to this day.

After Mr. Hinkle was removed as CEO in November 2019, and I became CEO again, it came to my attention that he had used Loadcraft money to pay numerous wire transfers to a lady friend in Mexico in the total sum of $33,745.00. Further, he was paying himself substantial draws generally coinciding with capital contributions from Alphonso Energy, totaling at least $85,000.00. There is an additional $343,000.00 in unexplained draws to Mr. Hinkle which do not coincide with any particular expense or consultant payment.

Finally, prior to the suit being filed, a meeting was held in Austin, Texas on March 4, 2021, and the people in attendance were Katherine Walters (attorney for Plaintiffs), Brian Alphonso, Andre Alphonso (son of Brian), Terry McIver, Gary Weatherman and Kendra Oldham from Loadcraft, with Charles Hinkle and Rob Walker in attendance via Zoom. The purpose of the meeting was to see if we could resolve our differences and work together going forward.

During the course of the meeting, there were several discussions concerning Defendant Glider Products, LLC. Brian Alphonso indicated that he wanted controlling interest in Glider

Products, LLC and his "loans" paid back from Loadcraft. When this was not agreeable, the meeting deteriorated and Brian Alphonso told his lawyer, Katherine Walters, to move froward with litigation with an open retainer. Brian Alphonso then turned to me and stated, 'I'll kill you.' He made a slicing motion across his own neck when he said this, pointed at me, and repeated, 'I'll kill you and come after you with everything I have and I have the means to do it.' He further stated, 'you don't cheat an Indian without paying the price. I will kill you and one swipe of a sword and you're dead, while making a motion with his hand indicative of cutting off my head.'

Brian Alphonso had previously pointed his finger and told Kendra Oldham, Loadcraft's controller, she better be careful or he would come after her. I know Kendra felt threatened and then when Brian Alphonso threatened to kill me and cut my head off with a sword, I was fearful and apprehensive as he was snarling in an aggressive demeanor, sweating and his upper lip was shaking. I believed the threat to be imminent and so we proceeded to leave the meeting as soon as we could.

Further Affiant sayeth not."

of

TERRY McIVER, Owner and Managing Member
LOADCRAFT INDUSTRIES, LTD. and
GLIDER PRODUCTS, LLC

SUBSCRIBED AND SWORN TO BEFORE ME on July 20, 2021, by Terry McIver.

Notary Public, State of Texas

SANDI ELIZABETH GREAVES
Notary ID #129902499
My Commission Expires
July 30, 2022

Affidavit of Terry McIver                                                      Page 3 of 3

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Amanda Livezey on behalf of Robert Wagstaff
Bar No. 20665000
alivezey@mcmahonlawtx.com
Envelope ID: 55551144
Status as of 7/22/2021 1:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sheldon ERichie | | srichie@rg-austin.com | 7/21/2021 10:23:52 AM | SENT |
| Katherine JWalters | | kwalters@rg-austin.com | 7/21/2021 10:23:52 AM | SENT |
| Robert BWagstaff | | rwagstaff@mcmahonlawtx.com | 7/21/2021 10:23:52 AM | SENT |
| Laurie Vann | | lvann@mss.law | 7/21/2021 10:23:52 AM | SENT |
| Lorri Stevenson | | lstevenson@rg-austin.com | 7/21/2021 10:23:52 AM | SENT |