# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | CASE NO. 21-11018-tmd-11 | |
| LOADCRAFT INDUSTRIES, LTD., § | CHAPTER 11 | |
|     Debtor. § | | |

| | | |
|---|---|---|
| BRADY PLANT OPERATORS, LLC, § | | |
| TERRY MCIVER, and GLIDER § | | |
| PRODUCTS, LLC, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | ADV NO. 222-01001-tmd | |
| § | | |
| CHARLES HINKLE, ALPHONSO § | | |
| ENERGY, LLC, and GLORIOUS § | | |
| SPLENDOR TOO, § | | |
|     Defendants. § | | |

## DEFENDANTS' ANSWER TO ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND EMERGENCY MOTION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF AND BRIEF IN SUPPORT THEREOF

**This pleading requests relief that may be adverse to your interests.**

COMES NOW, Glorious Splendor Too, LLC, Alphonso Energy, LLC, Nestor Outcomes, LLC and Charles Hinkle, Individually and files this their Answer to the Adversary Complaint for Declaratory Judgment and Emergency Motion for Temporary and Permanent Injunctive Relief and Brief in Support thereof and respectfully would show the Court as follows:

## ANSWER

1. Upon information and belief, admitted.

2. Defendants do not have sufficient information to admit or deny this allegation; therefore deny.

    3.    Defendants do not have sufficient information to admit or deny this allegation; therefore deny.

    4.    Admit.

    5.    Admit.

    6.    Admit.

    7.    Admit.

    8.    Jurisdiction and Venue paragraph 1: Admit

    9.    Jurisdiction and Venue paragraph 2: Defendants deny that this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §157. Defendants admit that this Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334(a). Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. §2201 but deny that the Court has jurisdiction pursuant to 28 U.S.C. §2202. Defendants deny that the Court has jurisdiction pursuant to 11 U.S.C. §105 as that section does not confer jurisdiction. Defendants deny that the Court has jurisdiction pursuant to Federal Rules of Bankruptcy Procedure 7001(2) because this is not a proceeding to determine the validity, priority or extent of a lien or other interest in property. Defendants deny the Court has jurisdiction pursuant to Federal Rules of Bankruptcy Procedure 7001(9) because the declaratory judgment action does not relate to any of the other proceedings that constitute an adversary proceeding.

    10.    Jurisdiction and Venue paragraph 3: Defendants admit this Court has personal jurisdiction over them.

    11.    Jurisdiction and Venue paragraph 4: Defendants deny that this is a core proceeding and assert it is a non-core proceeding.

    12.    Jurisdiction and Venue paragraph 5: Admit.

13.     Jurisdiction and Venue paragraph 6:  Deny.  Plaintiffs have failed to provide any proof of corporate authority to bring this action and defendants believe there is none.  Additionally, Terry McIver and Glider Products, LLC lack standing to bring this action.

14.     Jurisdiction and Venue paragraph 7:  This averment does not require a response.

15.     Background paragraph 8:  Upon information and belief, admit.

16.     Background paragraph 9:  Defendants do not have sufficient information to admit or deny; therefore, deny.

17.     Background paragraph 10:  Defendants admit that Alphonso Energy LLC invested in Loadcraft Industries, Ltd. but deny that the sole reason was to obtain a 50% limited partnership interest.

18.     Background paragraph 11:  Upon information and belief, admit.

19.     Background paragraph 12:  The Ownership of Interest and Operations Agreement [Dkt. 18-3] is Exhibit A, not the Alphonso Energy Ownership Agreement.  However, assuming the document was misnamed, Defendants respond as follows:  paragraph 12, sentence 1 – Admit; paragraph 12, sentence 2 – Admit.; paragraph 12, sentence 3 – Deny; paragraph 12, sentence 4 – Deny.

20.     Background paragraph 13:  sentence 1 – Deny; sentence 2 – Deny; sentence 3 – Deny.

21.     Background paragraph 14:  sentence 1 – Admit that Mr. Hinkle was the CEO and CFO of Loadcraft Industries, Ltd. from May of 2016 until November of 2019 and continued as CFO until his departure in November 2020.  Deny the characterization of Mr. Hinkle's departure.  Sentence 2 – Deny.  Sentence 3 – Deny.  Sentence 4 – Deny.

22.     Background paragraph 15:  Admit.

23. Background paragraph 16: Admit.

24. Background paragraph 17: Admit sentences 1, 2, 4 except Petition was filed June 17, 2021; Sentence 3 – Deny.

25. Background paragraph 18: Sentence 1 – Deny; Sentence 2 – Deny; Sentence 3 – Admit; Sentence 4 – Deny.

26. Background paragraph 19: Sentence 1 – Admit; Sentence 2 – Admit; Sentence 3 – Deny.

27. Background paragraph 20: This paragraph does not require a response.

28. Causes of Action-Declaratory Judgment Action, paragraph 1: This paragraph does not require a response.

29. Causes of Action-Declaratory Judgment Action, paragraph 2: Admit that this Court has jurisdiction pursuant to 28 U.S.C. §2201 deny remainder of paragraph.

30. Causes of Action-Declaratory Judgment Action, paragraph 3: This paragraph does not require a response.

31. Causes of Action-Declaratory Judgment Action, paragraph 4: Deny.

32. Causes of Action-Injunctive Relief, paragraph 1: This paragraph does not require a response.

33. Causes of Action-Injunctive Relief, paragraph 2: Sentence 1 does not require a response; Sentence 2 – Deny; Sentence 3 – Deny; Sentence 4 – Deny; Sentence 5 – Deny; Sentence 6 – Deny.

34. Causes of Action-Injunctive Relief, second paragraph 2: Deny.

35. Causes of Action-Injunctive Relief, paragraph 3: This averment does not need a response.

36. Causes of Action-Injunctive Relief, paragraph 4: Deny. There was no Brief in Support or Points and Authorities filed by Movants.

37. Causes of Action-Injunctive Relief, paragraph 5: This averment does not need a response.

38. Causes of Action-Injunctive Relief, paragraph 6: This averment does not need a response. McIver did not file a Brief in Support and there is no Rule 7065.5 of the Federal Bankruptcy Rules of Procedure.

39. Causes of Action-Injunctive Relief, paragraph 7: Sentence 1 – this averment does not need a response; Sentence 2 – This averment does not need a response; Sentence 3 – This averment does not need a response.

40. Causes of Action-Injunctive Relief, paragraph 8: This paragraph does not need a response.

41. Causes of Action-Injunctive Relief, paragraph 9: Deny.

42. Causes of Action-Injunctive Relief, paragraph 10: Deny.

43. Causes of Action-Injunctive Relief, paragraph 11: Deny.

44. Causes of Action-Injunctive Relief, paragraph 12: This paragraph does not need a response.

45. Causes of Action-Injunctive Relief, paragraph 13: Deny.

46. Causes of Action-Injunctive Relief, paragraph 14: Sentence 1 – Deny; Sentence 2 – this averment does not need a response; Sentence 3 – this averment does not need a response; Sentence 4 – this averment does not need a response;

47. Causes of Action-Injunctive Relief, paragraph 15: This averment does not need a response.

48. Causes of Action-Recovery of Attorneys' Fees, paragraph 1: This averment does not need a response.

49. Causes of Action-Recovery of Attorneys' Fees, paragraph 2: Deny. The Declaratory Judgment Act, 28 U.S.C. §2201-2202 does not provide for the recovery of attorneys' fees.

50. Reservation of Rights: This averment does not require a response.

## AFFIRMATIVE DEFENSES

51. Defendants assert the affirmative defense of fraud.

52. The filing of the bankruptcy petition has been ratified.

53. Plaintiffs have unclean hands and should not recover on their claims.

54. The actions of Glorious Splendor Too, LLC and Nestor Outcomes, LLC have been ratified.

## SPECIFIC DENIAL

55. Defendants assert the following specific denials: fraud, lack of authority and lack of standing. Terry McIver in his individual capacity and Glider Products, LLC have no standing to seek an injunction or declaratory judgment action. Additionally, Terry McIver has engaged in fraud by transferring money from Loadcraft's bank account to an account only he controls. Further, he failed to apprise Defendants of this event – rather reporting that Loadcraft Industries, Ltd. was out of money. He further engaged in fraud by entering into the Sale and Lease Back Agreement without the knowledge or consent of Alphonso Energy, LLC or Nestor Outcomes, LLC.

DATED: January 14, 2022.

Respectfully submitted,

RICHIE & GUERINGER, P.C.

BY: */s/ Katherine J. Walters*
    Katherine J. Walters
    State Bar No. 00785174
    kwalters@rg-austin.com
    Sheldon E. Richie
    State Bar No. 16877000
    srichie@rg-austin.com
    100 Congress Avenue, Suite 1750
    Austin, Texas 78701
    512-236-9220 telephone
    512-236-9230 facsimile

    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on the 14th day of January 2022, I served the foregoing on all counsel of record via the Court's electronic filing system:

**Robert Wagstaff**
(rwagstaff@mss.law)
McMahon Surovik Suttle, PC
PO Box 3679
Abilene, Texas 79604

**Shane P. Tobin on behalf of U.S. Trustee – AU12** (shane.p.tobin@usdoj.gov)
903 San Jacinto Blvd., Room 230
Austin, Texas 78701

**United States Trustee – AU12**
(ustpregion07.au.ecf@usdoj.gov)

**Eric J. Taube** (eric.taube@wallerlaw.com)
**Mark Taylor** (mark.taylor@wallerlaw.com)
William "Trip" Nix (trip.nix@wallerlaw.com)
Waller Lansden Dortch & Davis, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701

### BANKRUPTCY SERVICE LIST

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Ziechner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

Ron Satija, Trustee
P.O. Box 660208
Austin, TX 78766-7208

US Trustee
903 San Jacinto, Ste. 230
Austin, TX 87701-2450

Stephen W. Sather
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expressway, Suite 400
Austin, TX 78731

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, Texas 78680

Sagi Genger
c/o John Dellaportas
Emmt Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

Gregory M. Friedman
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expressway, Suite 400
Austin, TX 78731

**PARTIES REQUESTING SERVICE**

Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Texas Workforce Commission
c/o Callan C. Searcy, Assistant Attorney General
bk-csearcy@texasattorneygeneral.gov
Bankruptcy & Collections Division MC 008
PO Box 12548
Austin, TX 78711

*/s/ Katherine J. Walters*
Katherine J. Walters