## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 21-11018-tmd-11 |
| LOADCRAFT INDUSTRIES, LTD., | § | CHAPTER 11 |
| Debtor. | § | |

| | | |
|---|---|---|
| BRADY PLANT OPERATORS, LLC, | § | |
| TERRY MCIVER, and GLIDER | § | |
| PRODUCTS, LLC, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADV NO. 222-01001-tmd |
| | § | |
| CHARLES HINKLE, ALPHONSO | § | |
| ENERGY, LLC, and GLORIOUS | § | |
| SPLENDOR TOO, | § | |
| Defendants. | § | |

### DEFENDANTS' BRIEF IN OPPOSITION TO ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND EMERGENCY MOTION FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF AND BRIEF IN SUPPORT THEREOF

**This pleading requests relief that may be adverse to your interests.**

COME NOW, Glorious Splendor Too, LLC, Alphonso Energy, LLC, Nestor Outcomes, LLC and Charles Hinkle, Individually and without waiving their Motions to Strike, file this Brief in Opposition to the Adversary Complaint for Declaratory Judgment and Emergency Motion for Temporary and Permanent Injunctive Relief and Brief in Support Thereof and respectfully would show the Court as follows:

1.     Glider Products, LLC, Terry McIver and Brady Plant Operators, LLC filed an Adversary Complaint against Glorious Splendor Too, LLC, Alphonso Energy, LLC, Nestor Outcomes, LLC and Charles Hinkle, Individually.  To summarize the claims in the Adversary Complaint, Plaintiffs contend that the bankruptcy filing was done without authority and an

injunction is necessary to prevent Glorious Splendor Too, LLC to have access to the Loadcraft computer system.

2.       Several legal principles control the analysis of this issue.  The relevant statute is the Texas Business Organizations Code.  The relevant documents are the documents listed below as exhibits.

| Exhibit 1 | Loadcraft Industries, Ltd. Limited Partnership Agreement |
|-----------|----------------------------------------------------------|
| Exhibit 2 | 05/24/2017 Ownership of Interest and Operations Agreement |
| Exhibit 3 | 12/23/2021 Written Consent of the Managers of Brady Plant Operators, LLC |
| Exhibit 4 | 12/29/2021 Written Consent of Managers of Brady Plant Operators, LLC |
| Exhibit 5 | 12/31/2021 Written Consent of Managers of Glorious Splendor Too, LLC |
| Exhibit 6 | 12/31/2021 Written Consent of Managers of Glorious Splendor Too, LLC |
| Exhibit 7 | Public Information Report first filed December 31, 2021 indicating Charles Hinkle not a Manager. |
| Exhibit 8 | 05/21/2021 Sale/Leaseback Agreement |

## Background Facts

3.       Brian Alphonso, through his company Alphonso Energy, LLC has invested millions into Loadcraft Industries, Ltd.  Charles Hinkle, through his company Nestor Outcomes, LLC has also invested a significant amount of money into Loadcraft Industries, Ltd.  Terry McIver has done whatever he could to take that money for his own benefit and for the benefit of his wife's company, Passerina Ciris LLC and to cheat Alphonso Energy LLC and Nestor Outcomes LLC of the value of their investment.  The current action became necessary when Alphonso Energy LLC and Nestor Outcomes LLC recently learned that Terry McIver, without the requisite corporate authority, entered into a Sale Leaseback agreement for Loadcraft's equipment and planned to

default on the agreement.  Glorious Splendor Too, LLC continues to be a manager of the general partner of Loadcraft, but it received no notice, and it did not approve the transaction.

4.      Loadcraft Industries, Ltd. is in the business of manufacturing mobile drilling rig and trailer manufacturing for the oilfield industry.  Loadcraft employees, while working at Loadcraft, developed new technology for a pipe handling system that has become much more successful than Loadcraft.  The problem for Loadcraft is that Terry McIver transferred the intellectual property to Glider Products, a company wholly owned by him, for $100,000.00.  Although Brian Alphonso offered to purchase the intellectual property for the same amount to keep it at Loadcraft, Terry McIver engaged in self-dealing.  It was actually a work for hire and should have remained with Loadcraft.

**Declaration of General Partner Status and**
**Authority for Management and Operations of Debtor**

5.      Terry McIver, individually, Glider Products LLC and Brady Plant Operators, LLC seek a declaratory judgment "determining the General Partner status and authority for the debtor, Loadcraft Industries, Ltd., and the continued management and operations of the debtor."  [Dkt. 18, paragraph 7].  Terry McIver, individually and Glider Products LLC have no standing with respect to this cause of action and claim no harm.  Alphonso Energy LLC and Nestor Outcomes LLC assert that matters were conducted in accordance with the Limited Partnership Agreement and the Business Organizations Code and Glorious Splendor Too, LLC is the proper general partner of Loadcraft Industries, Ltd. with all necessary authority.

6.      Pursuant to section 153.105(2) of the Texas Business Organizations Code, the rights of a limited partner can only be created by the limited partnership agreement.  Beginning with the Loadcraft Industries, Ltd. Limited Partnership Agreement, the law requires that the interpretation of the document adheres to the well-established legal principle: "[A] contract should

be construed so as to give effect to its general purpose." *Capitol Bus Co. v. Blue Bird Coach Lines, Inc.,* 478 F.2d 556 (3rd Cir.1973), citing RESTATEMENT, CONTRACTS §§ 235(c), 236(b) and (c) (1932); WILLISTON ON CONTRACT, Third Edition §§ 618, 619 (1961). *See* also *Fortec Constructors v. United States,* 760 F.2d 1288, 1292 (Fed.Cir.1985) ["[A]n interpretation that gives a reasonable meaning to all parts of the contract will be preferred to one that leaves portions of the contract meaningless."].  We look to the Limited Partnership Agreement for the rights of the general and limited partners.

7.      Section 6.11 of the Limited Partnership Agreement states:

The General Partner may be removed as a General Partner of the Partnership upon a Majority in Interest vote of the Limited Partners. *** The Limited Partners holding a Majority in Interest may elect to continue the Partnership and select another person or entity as a substitute general partner at a special meeting of the Limited Partners called for such purpose.

8.      Section 12.2 of the Limited Partnership Agreement states, "[t]his Agreement may be amended or modified from time to time only by a written instrument executed and agreed to by all of the Partners."

9.      McIver asserts that the Ownership of Interest and Operations Agreement modified the Limited Partnership Agreement; however, as can be discerned from the plain language of that document, it did not.  Exhibit 2 contemplates action in the future, which never occurred.  In paragraph 4 of Exhibit 2, "the parties **agree to amend** section 6.3 of the Partnership Agreement…."  In paragraph 5 of Exhibit 2, "the parties agree that said 6.11 **will be amended**…."  In paragraph 9 of Exhibit 2, "the parties hereto agree that the Partnership Agreement **will be amended** in its entirety on or before December 31, 2017."  Subject to future agreement by the Alphonso and Nestor parties who own 65% of the limited partnership interests.  However, the Partnership Agreement was never amended as contemplated by Exhibit 2 and no amended limited

partnership agreement has been produced. It is this language that preserves the purpose of assuring that the new investors would control Loadcraft. Therefore, a majority-in-interest of the limited partners can remove the general partner, which occurred.

10.     Another way one knows that the representations and promises in this document Exhibit 2 were never followed is the language in paragraph 7 of Exhibit 2. In this section, the general partner agrees that all of the limited partners must agree before the Passerina[1] debt can be paid. Financial information recently produced reflects that without Alphonso Energy LLC, Glorious Splendor Too, LLC, Nestor Outcomes LLC or Charles Hinkle's knowledge or approval Loadcraft paid the Passerina Ciris debt in full. Passerina Ciris is an insider as it is owned by Terry McIver's wife and is a limited partner of Loadcraft. Prioritizing the payment of this debt over other partnership debts was a breach of Brady Plant Operators fiduciary duty.

11.     McIver asserts that the action by Brady Partners Operating LLC was not valid because Charles Hinkle was no longer a manager at the time of the Unanimous Written Consent on December 23 and 29, 2021. Brady Partners Operating is manager managed. However, McIver presents no evidence of a call of a special meeting or notification of any type to Charles Hinkle or Glorious Splendor Too, LLC of the meeting to remove Charles Hinkle or of any vote on the proposed removal. There is no document indicating Glorious Splendor Too, LLC participated in the meeting or voted to remove Charles Hinkle. There is no evidence that Charles Hinkle or Glorious Splendor Too, LLC were notified of the meeting or aware of what purportedly occurred at the meeting. Brady Plant Operators, LLC was manager managed. We know this because of the recitations in the 05/24/2017 Ownership of Interest and Operations Agreement appoint Charles Hinkle and Glorious Splendor Too, LLC as managers. Therefore, Terry McIver has presented no

---

[1]     Passerina Ciris LLC is wholly owned by Terry McIver's wife.

evidence that this was even an action that <u>could</u> be taken by the "member" of the limited liability company without the approval of the managers, including Glorious Splendor Too, LLC.

12.     Partners, as a matter of law, stand in a fiduciary relationship to one another. *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex.1962); Loadcraft Industries, Ltd. Limited Partnership Agreement 6.4(b).  Allegedly making such a significant change in the operating structure of Brady Plant Operators, LLC without the consent and knowledge of Glorious Splendor Too, LLC and Charles Hinkle violate Terry McIver's fiduciary duty to his partners and should not be recognized.

13.     Glorious Splendor Too, LLC ratified the filing of this bankruptcy. Ratification is a doctrine of agency law that may apply "in a number of settings, including business settings," and under which "a principal may later approve the actions of an agent who acted without authority." *Tower Oaks Boulevard, LLC v. Procida,* 219 Md.App. 376, 403, 100 A.3d 1255, 1272 (2014); and *In re Uwimana,* 274 F.3d 806, 812 (4th Cir.2001).  If there has been no proper corporate authorization, the filing can still be valid if there has been a subsequent ratification or acquiescence on behalf of the corporation.  See *In Re: American Bond and Mortgage Co.,* 61 F.2d 875 (C.A. 7th Cir.), Aff'd. 289 U.S. 165 (1932), *Alexander and Farmer's Supply Co.,* 275 F. 824 (C.A. 5th Cir. 1921), *In Re: Peoples Warehouse Co.,* 273 F. 611 (D.C.Ms. 1921), and *In Re: Valles Mechanical Industries, Inc.,* 20 B.R. 355 (Bkrtcy.N.D.Ga. 1982).

14.     Assuming arguendo, only for purposes of this brief, that the removal of Charles Hinkle was a valid act, the removal of Brady Plant Operators, LLC as the general partner was also valid.  *See Exhibit 6.*  There is no amended Limited Partnership Agreement; therefore, removal of the General Partner can be implemented by a "majority-in-interest" of the limited partners.  As per Exhibit 2, Alphonso Energy LLC owns 50% of the limited partnership interests and Nestor Outcomes, LLC owns 15% of the limited partnership interests.  Together these two limited partners

own a super-majority of the limited partnership interests and properly voted to act to remove Brady Plant Operators, LLC.

15.     Several courts have looked at similar issues and found that a decision by one body can be ratified by another body. *In re Avalon Hotel Partners, LLC*, 302 B.R. 377, Bankr. Oregon 2003). Manager of Debtor filed bankruptcy without member approval. *Id.* at 380. A member filed a motion to dismiss for lack of authority to file the bankruptcy. *Id.* Subsequent to the filing of the motion to dismiss, members constituting seventy-five percent (75%) of the membership executed a consent resolution ratifying the filing of the petition. *Id.* at 381. The court found that, under Oregon law, the members could authorize ratification after the fact of the Debtor's actions that otherwise would not be binding and, therefore, the ratification of the Manager's decision to file bankruptcy after the fact was enough to cure the discrepancy and the case was not dismissed. *Id.*

16.     In another case, *In re Be-Fit Health and Racquet Inc.*, Bankr. No. 97-31273F.; Adv. No. 97-1008; 1997 WL 34726325 (E.D. Pennsylvania, November 4, 1997) Debtor filed bankruptcy without board approval. *Id.* at *1. A creditor objected and Debtor's response included a board resolution ratifying the filing dated three (3) days after the petition date. *Id.* The court found that the board properly ratified the bankruptcy filing and the motion to dismiss was denied. *Id.* at *3.

17.     The actions by these limited partners replacing Brady Plant Operators, LLC as general partner with Glorious Splendor Too, LLC is consistent with the Limited Partnership Agreement. Further, Glorious Splendor Too, LLC's ratification of the acts taken by Alphonso Energy LLC and Nestor Outcomes LLC in removing Brady Plant Operators LLC as the General Partner and confirming this bankruptcy filing is a valid act and enforceable.

18.     One could also argue that it does not matter if Glorious Splendor Too, LLC and Nestor Outcomes, LLC had the authority to remove the general partner.  Reviewing the limited partnership agreement, filing bankruptcy is not one of the enumerated powers of the general partner, which means this power also remains with the limited partners.  A majority in interest confirmed the bankruptcy filing and this matter is no longer in dispute.

19.     Another reason Terry McIver's request for relief should be denied is his bad acts in entering the Sale/Leaseback Agreement whereby he sold all of the assets of Loadcraft and took the proceeds to pay the debt to his wife's company, Passerina Ciris.  In a time when the price of oil is rising and there are orders for Loadcraft, if Terry McIver has his way, Alphonso Energy's multi-million-dollar investment will be lost.  Glorious Splendor Too, LLC and Brian Alphonso have the ability and the knowledge to make this company profitable again.  Terry McIver has demonstrated that he is only interested in draining the company's resources to line his own pocket.  His actions with respect to the Sale/Leaseback Agreement is a breach of his fiduciary duty to the other manager of the general partner, Glorious Splendor Too, LLC and to the limited partners of Loadcraft Industries, Ltd.  *Darocy v. Abildtrup*, 345 S.W.3d 129, 137 (Tex. Ap. – Dallas 2011, no pet.).

## Application for Injunctive Relief

20.     The Court should deny Plaintiffs' request for two primary reasons:  they have not met the requirements for injunctive relief and there is no expectation of privacy on data placed on company computers.

21.     As noted by the Court in *Muick v. Glenayre Elecs.*, 280 F.3d 741, 743 (7th Cir. 2002)

> Anyway Muick had no right of privacy in the computer that Glenayre had lent him for use in the workplace.  Not that there can't be a right of privacy (enforceable under the Fourth Amendment if the employer is a public entity, which Glenayre we have just held

was not) in employer-owned equipment furnished to an employee for use in his place of employment.  ****  But Glenayre had announced that it could inspect the laptops that it furnished for the use of its employees, and this destroyed any reasonable expectation of privacy that Muick might have had and so scotches his claim. The laptops were Glenayre's property and it could attach whatever conditions to their use it wanted to.  They didn't have to be reasonable conditions; but the abuse of access to workplace computers is so common (workers being prone to use them as media of gossip, titillation, and other entertainment and distraction) that reserving a right of inspection is so far from being unreasonable that the failure to do so might well be thought irresponsible.

(internal citations omitted).

22.     In this complaint, Plaintiffs argue that an injunction is necessary because Glorious Splendor Too, LLC as general partner now has access to the data on the Loadcraft Industries, Ltd. computers.  The information on Loadcraft Industries, Ltd.'s computers belong to Loadcraft, not McIver or Brady Plant Operators LLC.  McIver complains that his electronic communications with two Loadcraft employees, Lou Collazo and Kendra Oldham should be protected under the attorney-client privilege.  However, Mr. Collazo and Ms. Oldham are not officers of Loadcraft Industries, Ltd. and communications with ones attorney on a workplace computer system do not give rise to an expectation of privacy nor is it privileged.  *Holmes v. Petgrovich Dev. Co. LLC,* 191 Cal.App.4th 1047, 1068-69 (Third Dist. CA 2011).  McIver does not have an expectation of privacy to that information.  Furthermore, he should have no expectation of privacy of information as to Glider Products, LLC, an unrelated company.  The Supreme Court has held that "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Carpenter v. United States*, 138 S. Ct. 2206, 2216 (2018).

## Attorneys' Fees

23.     The Court should deny Plaintiffs' request for recovery of attorneys' fees.  Under federal law, the Declaratory Judgment Act, itself, does not authorize attorney's fees.  Instead, a

party may recover fees only where controlling substantive law permits recovery. *See Utica Lloyds of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (holding that Texas Declaratory Judgment Act was not controlling, substantive law, and did not justify fee award to defendants).

24.     Plaintiffs have not pled any cause of action that permits the recovery of attorneys' fees; therefore, their request for attorneys' fees should be denied.

25.     The Court should deny Plaintiffs' request for injunctive relief and declare that Glorious Splendor Too, LLC is the general manager of Loadcraft Industries, Ltd. with all rights and duties set forth in the Loadcraft Industries, Ltd. Limited Partnership Agreement and in the Business Organizations Code.  Further the Court should deny Plaintiffs' request for recovery of attorneys' fees.  Defendants further pray for such other relief whether at law or in equity to which this Court deems it is justly entitled.

Dated: January 14, 2022.

Respectfully submitted,

RICHIE & GUERINGER, P.C.


BY:   */s/ Katherine J. Walters*
　　　Katherine J. Walters
　　　State Bar No. 00785174
　　　kwalters@rg-austin.com
　　　Sheldon E. Richie
　　　State Bar No. 16877000
　　　srichie@rg-austin.com
　　　100 Congress Avenue, Suite 1750
　　　Austin, Texas  78701
　　　512-236-9220 telephone
　　　512-236-9230 facsimile

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of January 2022, I served the foregoing on all counsel of record via the Court's electronic filing system:

**Robert Wagstaff**
(rwagstaff@mss.law)
McMahon Surovik Suttle, PC
PO Box 3679
Abilene, Texas 79604

**Eric J. Taube** (eric.taube@wallerlaw.com)
**Mark Taylor** (mark.taylor@wallerlaw.com)
William "Trip" Nix (trip.nix@wallerlaw.com)
Waller Lansden Dortch & Davis, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701

**Shane P. Tobin on behalf of U.S. Trustee –
AU12** (shane.p.tobin@usdoj.gov)
903 San Jacinto Blvd., Room 230
Austin, Texas 78701

**United States Trustee – AU12**
(ustpregion07.au.ecf@usdoj.gov)

## BANKRUPTCY SERVICE LIST

Orly Genger
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Ron Satija, Trustee
P.O. Box 660208
Austin, TX 78766-7208

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, FL 33160-2379

US Trustee
903 San Jacinto, Ste. 230
Austin, TX 87701-2450

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Stephen W. Sather
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expressway, Suite 400
Austin, TX 78731

Ziechner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, NY 10036-6149

Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701-4582

Kasowitz, Benson, Torres LLP
Attn:  Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019-6708

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P. O. Box 1269
Round Rock, Texas 78680

Sagi Genger
c/o John Dellaportas
Emmt Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, NY 10271-3291

Gregory M. Friedman
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expressway, Suite 400
Austin, TX 78731

**PARTIES REQUESTING SERVICE**

Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

Texas Workforce Commission
c/o Callan C. Searcy, Assistant Attorney
General
bk-csearcy@texasattorneygeneral.gov
Bankruptcy & Collections Division MC 008
PO Box 12548
Austin, TX 78711

*/s/ Katherine J. Walters*
Katherine J. Walters