IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LOADCRAFT INDUSTRIES, LTD. | § | Case No. 21-11018-TMD |
| Debtor | § | |

| | § | |
|---|---|---|
| BRADY PLANT OPERATORS, LLC, TERRY | § | |
| MCIVER, and GILDER PRODUCTS, LLC, | § | |
| Plaintiffs, | § | |
| | § | Adversary No. 22-01001-TMD |
| CHARLES HINKLE, ALPHONSO ENERGY, | § | |
| LLC and GLORIOUS SPLENDOR, TOO, | § | |
| Defendants. | § | |

## MOTION FOR LEAVE TO INTERVENE FOR LIMITED PURPOSES

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Loadcraft Industries, Ltd. (the "*Debtor*") files this Motion for Leave to Intervene for Limited Purposes, as follows:

1. Based upon the pleadings filed by the Plaintiffs in this adversary proceeding, in particular the "Supplemental Brief in Support of Motion for Injunctive Relief", it appears that the Plaintiffs are attempting to argue either that the Debtor cannot fulfill its responsibilities in the bankruptcy case to maximize recoveries for the Estate and continue the Debtor's business, and/or that this case should be dismissed. Accordingly, the Debtor seeks leave to intervene in this adversary proceeding for the purposes of (1) defending any argument that the underlying bankruptcy case should be dismissed; and (2) assuring the Court that the Debtor will act in a manner consistent to maximize the recovery for the creditors in the underlying bankruptcy case.

2. Specifically, in the Supplemental Brief, the Plaintiffs assert that if the Debtor remains in bankruptcy, the Debtor would not pursue proposed transactions that may be a benefit

4874-2330-3690.1

1

to the Estate. The Plaintiffs also assert that there are default judgment creditors, which were the subject of ongoing negotiations with the Debtor. Clearly, examining the viability of any proposed sale or purported joint venture transactions or matters of the Debtor (as alleged in the Brief and the supporting proffers) is the responsibility of the Debtor, who would review and determine whether those were in the best interest of the Estate. Similarly, the bankruptcy filing itself provides protections from creditors asserting alleged judgment rights against property of the Estate. Both the Declaration of Terry McIver and Luke Collazo implicate the bankruptcy as "jeopardizing…potentially lucrative deals", the details of which are only generally specified and for which apparently there are no signed agreements. However, neither Mr. McIver no Mr. Collazo, no counsel, have approached the Debtor with any such offers or "potentially lucrative deals" and the conjecture that Debtor would not fully vet and analyze any such transaction(s) is purely speculative and conjectural. In fact, any proposed purchaser is likely better protected in any transaction with an approved sales process reviewed by this Court, and the existence of **default judgments** suggests that prior management has been less than effective in managing the Debtor's business or legal affairs.

3. The Debtor believes that appropriate corporate formalities were followed in connection with the underlying bankruptcy case. Allowing this case to proceed in Chapter 11, including the ability to quickly develop a plan of reorganization or alternative arrangements for the Debtor, would benefit creditors and all parties in interest, including, presumably, the Plaintiffs.

4. The Debtor was not named as a party in this case. However, the subject matter of the adversary clearly affects the Debtor and its operations, and implicates both the ability of the Debtor to reorganize and continue operations in bankruptcy. Moreover, filing an adversary proceeding against non-debtor equity owners of the Debtor is not a procedurally appropriate mechanism to seek dismissal of the bankruptcy case for alleged lack of corporate authority for a

bankruptcy filing. Such action should be maintained as a motion to dismiss and contested matter in the main bankruptcy case.

5. Rule 24 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7024, permits a party to intervene either as a matter of right or permissibly. *Deus v. Allstate Insurance Company*, 15 F.3d 506, 525 (5th Cir. 1994). Courts generally construe this rule *broadly* in favor of intervenors. *See, e.g., John Doe No. I v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (intervention should be allowed when no one would be hurt and greater justice could be obtained).

6. A party may intervene as a matter of right where the party has an interest in the subject matter of the suit and the disposition of the suit would impair its interest. *See* Federal Rule of Civil Procedure 24(a)(2). A movant's interest in a specific fund or property is sufficient for allowing intervention. *See Mountain Top Condo Association v. Dave Stabbert Masterbuilder, Inc.*, 72 F.3d 361, 366 (3rd Cir. 1995). Where the outcome of a case will result in a "practical impairment" of a movant's interest, intervention is appropriate. *US v. Texas E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir. 1991).

7. Debtor has an interest in continuing the underlying bankruptcy case, and in ensuring that the Estate is properly managed and creditors are treated fairly. Accordingly, Debtor should be allowed to intervene as a matter of right. Moreover, while the Defendants are capable of defending issues regarding corporate governance, the Debtor, as the entity in bankruptcy, has the duties under the Bankruptcy Code. Assuming the intent is, as it appears, to obtain dismissal of the bankruptcy case, the outcome of this case would impair the interests of the Estate.

8. Should the Court deny the intervention as a matter of right, Debtor should be allowed to intervene permissibly pursuant to Rule 24(b)(3). Permissive intervention is warranted where a movant claims share common questions of law or fact with the main lawsuit. *See* Federal

Rule of Civil Procedure 24(b)(1)(B). Clearly, the issues of the propriety of and need for the filing of the case and the continuation of the case are common issues.

9. Finally, this Motion for Leave is timely. This adversary proceeding was filed two weeks ago.

10. The Debtor's proposed Joinder is attached hereto as Exhibit "A".

WHEREFORE, based on the foregoing, the Debtor requests that the Court grant its Motion for Leave to Intervene, and the Court grant such other and further relief to which the Debtor may be justly entitled.

    Respectfully submitted,

    WALLER LANSDEN DORTCH & DAVIS, LLP

    */s/ Mark C. Taylor*
    Eric Taube (Bar No. 19679350)
    Mark Taylor (Bar No. 19713225)
    William R. "Trip" Nix, III (Bar No. 24092902)
    100 Congress Avenue, Suite 1800
    Austin, Texas 78701
    (512) 685-6400
    (512) 685-6417 (FAX)
    Email: Eric.Taube@wallerlaw.com
           Mark.Taylor@wallerlaw.com
           Trip.Nix@wallerlaw.com

    *Proposed Attorneys for the Debtor and*
    *Debtor in Possession*

## CERTIFICATE OF SERVICE

I certify that on the 18th day of January, 2022, I served the foregoing on all counsel of record via the Court's electronic filing system, including counsel listed below, as well as on the parties listed on the attached service list via first class mail:

Robert B. Wagstaff
McMahon Surovik Suttle P.C.
P.O. Box 3679
Abilene, Texas 79604-3679

Katherine J. Walters
Sheldon E. Richie
Richie & Gueringer, P.C.
100 Congress Avenue, Suite 1750
Austin, Texas 78701

Shane P. Tobin
U.S. Trustee - AU12
903 San Jacinto Blvd., Room 230
Austin, Texas 78701

/s/ Mark C. Taylor
Mark C. Taylor

## SERVICE LIST

Orly Genger
210 Lavaca Street, Unit 1903
Austin, Texas 78701

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, Florida 33160-2379

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

Ziechner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, New York 10036-6149

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, New York 10019-6708

Ron Satija, Trustee
P.O. Box 660208
Austin, Texas 78766-7208

U.S. Trustee
903 San Jacinto Blvd., Suite 230
Austin, Texas 78701-2450

Stephen W. Sather
Barron & Newburger, P.C.
7320 N. MoPac Expressway, Suite 400
Austin, Texas 78731

Eric Herschmann
210 Lavaca Street, Unit 1903
Austin, Texas 78701-4582

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, Texas 78680

Sagi Genger
c/o John Dellaportas
Emmet Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, New York 10271-3291

**Parties Requesting Service**
Raymond Battaglia
66 Granburg Circle
San Antonio, Texas 78218-3010

Texas Workforce Commission
c/o Callan C. Searcy, Assistant Attorney General
Bankruptcy & Collections Division MC008
P.O. Box 12548
Austin, Texas 78711

Gregory M. Friedman
Barron & Newburger, P.C.
7320 N. MoPac Expressway Suite 400
Austin, Texas 78731

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: § § § § § | | Chapter 11 |
| LOADCRAFT INDUSTRIES, LTD. | | Case No. 21-11018-TMD |
| Debtor | | |

| | | |
|---|---|---|
| BRADY PLANT OPERATORS, LLC, TERRY MCIVER, and GILDER PRODUCTS, LLC, Plaintiffs, § § § § § § § § § | | Adversary No. 22-01001-TMD |
| CHARLES HINKLE, ALPHONSO ENERGY, LLC and GLORIOUS SPLENDOR, TOO, Defendants. | | |

## LIMITED NOTICE OF JOINDER

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

Loadcraft Industries, Ltd., Limited Intervenor, files this Notice of its Joinder in the following pleadings filed by the Defendants in this case:

(1) Answer to Adversary Complaint (Dkt. 13); and

(2) Brief in Opposition to Adversary Complaint (Dkt. 14)

This Joinder is for the purposes of (1) defending any argument that the underlying bankruptcy case should be dismissed or was not properly filed and (2) protecting the Estate's interest in maximizing recovery for the benefit of the creditors in the underlying bankruptcy case, and assuring the Court that the Debtor will act in the manner consistent therewith.

4869-3014-6570.1

1

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP

/s/ Mark C. Taylor
Eric Taube (Bar No. 19679350)
Mark Taylor (Bar No. 19713225)
William R. "Trip" Nix, III (Bar No. 24092902)
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)
Email: Eric.Taube@wallerlaw.com
　　　　Mark.Taylor@wallerlaw.com
　　　　Trip.Nix@wallerlaw.com

*Proposed Attorneys for the Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

I certify that on the 18th day of January, 2022, I served the foregoing on all counsel of record via the Court's electronic filing system, including counsel listed below, as well as on the parties listed on the attached service list via first class mail:

Robert B. Wagstaff
McMahon Surovik Suttle P.C.
P.O. Box 3679
Abilene, Texas 79604-3679

Katherine J. Walters
Sheldon E. Richie
Richie & Gueringer, P.C.
100 Congress Avenue, Suite 1750
Austin, Texas 78701

Shane P. Tobin
U.S. Trustee - AU12
903 San Jacinto Blvd., Room 230
Austin, Texas 78701

/s/ Mark C. Taylor
Mark C. Taylor

4869-3014-6570.1

2

## SERVICE LIST

Orly Genger
210 Lavaca Street, Unit 1903
Austin, Texas 78701

Arie Genger
19111 Collins Ave., Apt. 706
Sunny Isles, Florida 33160-2379

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

Ziechner Ellman & Krause LLP
1211 Avenue of the Americas, 40th Floor
New York, New York 10036-6149

Kasowitz, Benson, Torres LLP
Attn: Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, New York 10019-6708

Ron Satija, Trustee
P.O. Box 660208
Austin, Texas 78766-7208

U.S. Trustee
903 San Jacinto Blvd., Suite 230
Austin, Texas 78701-2450

Stephen W. Sather
Barron & Newburger, P.C.
7320 N. MoPac Expressway, Suite 400
Austin, Texas 78731

Eric Herschmann
210 Lavaca Street, Unit 1903
Austin, Texas 78701-4582

Tara LeDay
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, Texas 78680

Sagi Genger
c/o John Dellaportas
Emmet Marvin & Martin LLP
120 Broadway, 32nd Floor
New York, New York 10271-3291

**Parties Requesting Service**
Raymond Battaglia
66 Granburg Circle
San Antonio, Texas 78218-3010

Texas Workforce Commission
c/o Callan C. Searcy, Assistant Attorney General
Bankruptcy & Collections Division MC008
P.O. Box 12548
Austin, Texas 78711

Gregory M. Friedman
Barron & Newburger, P.C.
7320 N. MoPac Expressway Suite 400
Austin, Texas 78731