

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 19, 2022.**

_____
**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-11018-tmd |
| LOADCRAFT INDUSTRIES, LTD. | § | CHAPTER 11 |
| Debtor. | § | |

| | | |
|---|---|---|
| TERRY MCIVER, et al., | § | |
| Plaintiffs, | § | |
| | § | ADV. NO. 22-01001-tmd |
| v. | § | |
| | § | |
| CHARLES HINKLE, et. al. | § | |
| Defendants. | § | |

### <u>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ABATING ADVERSARY PROCEEDING</u>

On January 6, 2022, the Plaintiffs filed this adversary proceeding seeking a Declaratory Judgment and Temporary Restraining Order that would give them control of the Debtor, Loadcraft Industries, Ltd. On January 19, 2022, the Court held a hearing on the request for a temporary restraining order. As stated on the record at the hearing, the Court finds that the request should be denied, that a Chief Restructuring Officer should be appointed in the bankruptcy case, and that this adversary should be abated.

1

First, the documentation governing this dispute is so lacking the Plaintiffs cannot satisfy their burden of proving a likelihood of success on the merits. Under the terms of the Debtor's limited partnership agreement, a majority in interest of the limited partners has authority to replace the general partner of the Debtor and Alphonso Energy, LLC and Nestor Outcomes have a 65% interest in the Debtor. Although in the Alphonso Ownership Agreement the parties agreed to change this provision to a majority vote of the limited partners, the effect of that provision is unclear because the Debtor's limited partnership agreement was not amended by the deadline in the Ownership Agreement. Even if the Ownership Agreement governs, it is unclear whether Charles Hinkle was appropriately removed as a manager of Brady Plant Operators, L.L.C., because the regulations of Brady Plant Operators were not amended to conform to the Ownership Agreement.  Mr. McIver's contention that Alphonso Energy would invest substantial sums in the enterprise and leave Mr. McIver in complete control by virtue of his sole membership in Brady Plant Operators is specious. Thus, Plaintiffs cannot meet their burden of proving that they are likely to succeed on the merits in this adversary proceeding.

Second, Plaintiffs cannot meet their burden of proving irreparable harm or that the threatened injury outweighs any harm the injunction might cause because the Court is ordering the Debtor to hire a Chief Restructuring Officer as an independent third party to manage it through bankruptcy.

Finally, the public interest is served by appointing a Chief Restructuring Officer and denying the request for a temporary restraining order because of an insider transaction that needs to be investigated by an independent third party.

ACCORDINGLY, IT IS THEREFORE ORDERED that the request for a temporary restraining order is denied.

IT IS FURTHER ORDERED that the Debtor file a motion seeking appointment of a Chief Restructuring Officer in the main bankruptcy case by January 28, 2022.

IT IS FURTHER ORDERED that any records held by the Debtor, regardless of who originated the records, shall be preserved.

IT IS FURTHER ORDERED that this adversary is abated pending further order of the Court.

#  #  #